[Civil No. 512.    Filed July 20, 1897.]

[50 Pac. 112.]

## JUAN P. CHAROULEAU, Defendant and Appellant, v. PEDRO CHAROULEAU, Plaintiff and Appellee.

1. APPEAL AND ERROR—REVIEW—PREPONDERANCE OF THE EVIDENCE—REV. STATS. ARIZ. 1887, PAR. 834, AS AMENDED BY LAWS 1893, NO. 21, APPROVED MARCH 22, 1893.—Under the statute, *supra,* providing that "upon the general ground that the evidence does not sustain the judgment or the verdict, the court shall review the sufficiency of the evidence in the case to maintain the judgment or verdict without more particularly specified in the motion," where all the testimony is set out in the statement of facts, this court on appeal from order overruling motion for new trial will review the evidence, and where the preponderance is decidedly against the judgment it will be reversed and a new trial ordered.

BAKER, C. J., dissenting.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Joseph D. Bethune, Judge. Reversed.

The facts are stated in the opinion.

Rochester Ford, Silent & Campbell, for Appellant.

Barnes & Martin, for Appellee.

HAWKINS, J.—This is an action brought by the plaintiff (appellee) against the defendant to recover upon a note alleged in the complaint to have been made by the defendant to the plaintiff for the sum of seven hundred and fifty dollars on the 23d of May, 1888, payable one year after date, with interest at the rate of ten per cent per annum, which the complaint alleges to have been lost. Both complaint and answer were verified. After the evidence was concluded, the plaintiff was allowed by the court to amend his complaint by changing the amount of the note sued from $765 to $665, and the date thereof from May, 1888, to May, 1889; and thereafter the defendant filed his amended answer. The court on April 27, 1895, gave judgment for the plaintiff, to which the defendant excepted; and the defendant then and there moved to vacate and set aside the judgment, and to grant him a new trial, upon the general grounds,—among others, that the judgment is against the evidence and the weight of the evidence. The court on the fifteenth day of May, 1895, denied and overruled the motion, to which ruling of the court the defendant, by his counsel, then and there instantly excepted, and from the judgment and order of the court overruling the motion for a new trial the defendant has appealed.

There is only one question in this case: Is the judgment sustained by the evidence? Paragraph 834 of the Revised Statutes, as amended (Laws 1893, p. 25), is as follows:

"An act to amend paragraph 834, title XV., section 186, chapter 18, Revised Statutes of Arizona Territory, relating to new trials.

"Be it enacted . . . upon the general ground that the evidence does not sustain the judgment or the verdict the court shall review the sufficiency of the evidence in the case to maintain the judgment or verdict without more particularly specified in the motion."

All the testimony is set out in the statement of facts, and we have complied with the above law, and are of the opinion that the preponderance of the evidence is decidedly in favor

of the defendant's plea that he had paid the note, and judgment should have been in his favor. Reversed, and new trial ordered.

ROUSE, J.—I concur in the foregoing opinion. All the evidence on the trial being preserved in the record, we are able to determine therefrom that, though the declarations in the complaint were that the suit was on a lost note, such was not the fact. The evidence shows that plaintiff and defendant are brothers, and on friendly terms; that plaintiff's wife and defendant are not friendly, and have not been friendly for many years; that defendant executed the note to plaintiff, as described; that long after the date when said note became due defendant informed a certain witness that plaintiff's wife had notified defendant that she intended to go to California, and that, if he did not pay said note, she would give him trouble; that defendant applied to said witness at the time for the loan of a certain sum of money, which defendant stated he needed to make up, with the amount he had, the sum due on said note; that said amount was loaned to defendant, as testified to by said witness, and as shown by the books of said witness, in which defendant was charged with the amount loaned to him by the witness; that said witness saw the defendant, immediately after defendant borrowed said amount of money, go to plaintiff's residence, and go into the residence; that in less than one hour thereafter defendant stated to witness that he had paid the note, and showed the note to witness, and tore the note up in witness's presence. The evidence shows that plaintiff's wife went to California about the date when defendant borrowed said sum of money from witness. The record shows that long after the date when defendant borrowed the money from witness and tore the note up in his presence defendant and other persons were at plaintiff's house to make a settlement for some cattle which had been sold, and the proceeds therefor had been collected by plaintiff; that in said settlement there was found to be due to defendant a large sum of money, which plaintiff paid over to defendant; that plaintiff's wife was present; and that some time after the money had been paid by plaintiff to defendant, and as defendant was about to leave plaintiff's house, plaintiff's wife angrily accosted defendant, and said, "When are you

going to pay that note?'' to which defendant replied, ''Show
me a note, and I will pay it.'' Plaintiff's wife testified that
she did not make a demand on defendant to pay the note; that
she left for California the day before the date that witness
saw the note in defendant's possession; that when she left
home the note was in a safe, and when she returned from
California it was not in the safe; that her husband could not
read and could not open the safe; that she put on paper the
combination of the safe, and gave it to her husband; that the
safe had an inside door, which locked with a key, and that
key was carried by her husband. The record shows that, once
or twice during the time plaintiff's wife was in California,
plaintiff had called on defendant to open the safe, and that de-
fendant could open the safe by plaintiff handing to him the
paper on which the combination was written. Plaintiff testi-
fied that he retained in his possession the key to the inside
door of the safe, and unlocked that door himself. The pos- ·
session of a promissory note by the maker thereof after it is
due is a presumption of payment. Link that presumption
with the fact that the note was in a safe securely locked with
a combination lock, and with an inside door, the key to which
was kept in possession of plaintiff; with the fact that plain-
tiff and defendant are brothers, and perfectly friendly; that
long after said note was due plaintiff paid to defendant a
large sum of money and did not demand the payment of said
note; and, further, that plaintiff has never demanded the
payment of said note, with the fact that the wife of plaintiff
is not friendly with defendant, and appears to be the only
person concerned in this lawsuit on the part of plaintiff,—
we are forced to the conclusion that defendant paid off said
note to the wife of plaintiff at the time he stated. The alle-
gations in the complaint are upon a lost note. The record
does not support those allegations. In fact, plaintiff does not
pretend to rely on that theory, but on the theory that said
note was stolen by defendant. To sustain the judgment we
would have to find from the evidence in the record that de-
fendant was guilty of a felony,—that he did steal said note.
We are convinced by the evidence in the case that defendant
did pay off said note to the wife of plaintiff at the time he
stated, and that the judgment should have been for the de-
fendant.

BAKER, C. J. (dissenting).—I dislike to differ from my associates upon so simple a case as the one in hand, but am impelled to do so out of regard for the well-established rule that the appellate court will not disturb the verdict or judgment of the lower court where there is a substantial conflict in the testimony upon a material point. The action is upon a promissory note, and the defense is payment. The evidence sharply conflicts upon this single issue, as will be seen in the recitation of facts by Justice Rouse. The appellant's counsel, in his brief, says that the testimony is "wholly irreconcilable." No more and no less can be said. The trial court, in the presence of the witnesses, decided this issue against payment, and, I think, upon evidence amply sufficient to sustain the finding. We are not authorized to decide cases in this court upon the mere weight or preponderance of the evidence. The statute quoted by Justice Hawkins authorizes this court to "review the evidence," but this review is at an end where a material conflict in the evidence appears, or when it appears that the evidence is sufficient to support the finding. The fact that the complaint proceeds upon the idea that the note was lost is of no consequence. Its execution and delivery were admitted, and the sole defense of "payment" was made. No objections were made to the testimony, and no variance suggested. I think the reversal is wholly unwarranted.